# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **EARIN AB,**<br><br>Plaintiff,<br><br>v.<br><br>**SKULLCANDY, INC.,**<br><br>Defendant. | Civil Action No.:<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT

Plaintiff Earin AB files this Complaint against Defendant Skullcandy, Inc. ("Skullcandy").

## NATURE OF THE CASE

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*, including U.S.C. § 271 for the infringement of United States Patent No. 9,967,645 ("the '645 Patent").

2. Defendant Skullcandy has been making, using, selling, offering for sale, and/or importing a line of wireless earbud products which have a storage and charging capsule with a long retractable case which slides back to reveal a storage chamber where the wireless earbuds are placed one after the other along the longitudinal axis, including without limitation the Skullcandy Dime Evo True Wireless Earbuds products (collectively "the Accused Products"), which infringe the '645 Patent in violation of 35 U.S.C. § 271.

3. Earin AB seeks appropriate damages and prejudgment and post-judgment interest for Skullcandy's infringement of the '645 Patent.

## PARTIES

1

4. Backed by the Kickstarter community in 2014, Earin AB launched the original true wireless stereo ("TWS") M-1 earbuds on October 6, 2015. Earin AB has for the past nine years been known as a leading innovator of Bluetooth-enabled wireless earphone technologies.

5. Earin AB is a Swedish corporation with a principal place of business at Dockgatan 27, 211 12 Malmö, Sweden.

6. On information and belief, Defendant Skullcandy is a Delaware corporation with a principal place of business at 6301 N. Landmark Dr., Park City, Utah.

**JURISDICTION & VENUE**

7. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

9. This Court has personal jurisdiction over Defendant Skullcandy because Skullcandy is a Delaware corporation and therefore has continuous presence in, and systematic contact with, this District.

10. On information and belief, Skullcandy has committed and continues to commit acts of infringement in this Judicial District, and the claims addressed in this Complaint arise out of and relate to such acts, including at least by making, using, offering for sale, and selling the Accused Products within this District.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Skullcandy is incorporated in this Judicial District and Skullcandy's infringing activities have occurred and are occurring in this Judicial District.

**EARIN'S U.S. PATENT NO. 9,967,645**

12. On May 08, 2018, the United States Patent and Trademark Office duly and legally issued United States Patent No. 9,967,645, entitled "Charging of Wireless Earbuds." A true and correct copy of the '645 Patent is attached as Exhibit A. The priority date of the '645 Patent is no later than September 5, 2014.

13. The '645 Patent is, *inter alia*, directed to a storage and charging case for wireless earbuds where the earbuds are arranged longitudinally in the case with a retractable cover.

14. Earin AB is the owner, by assignment, of all right, title, and interest in and to the '645 Patent, including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages.

15. The '645 Patent is valid and enforceable under the United States Patent Laws.

## MARKING

16. Plaintiff has never made, sold, used, offered to sell, or imported into the United States any article that practices any claim of the '645 Patent.

17. None of Plaintiff's licensees have ever made, sold, used, offered to sell, or imported into the United States any article that practices any claim of the '645 Patent.

18. Thus, 35 U.S.C. § 287(a) cannot prevent or otherwise limit Plaintiff's entitlement to damages for acts of infringement.

## COUNT I:
## INFRINGEMENT OF THE '645 PATENT

19. Earin AB incorporates by reference the allegations in the preceding paragraphs.

20. Skullcandy has made, used, offered for sale, and/or sold the Accused Products that incorporate one or more of the inventions claimed in the '645 Patent within the United States.

21. Skullcandy has infringed and continues to infringe, either literally or under the doctrine of equivalents, one or more claims, including at least claim 1, of the '645 patent in

violation of 35 U.S.C. § 271, *et seq.*, by making, using, selling, and offering for sale, in this District and in the United States the Accused Products including, but not limited to, the Dime Evo True Wireless Earbuds products.

22. Claim 1 of the '645 Patent provides:

> [Preamble] A storage and charging capsule for a pair of wireless earbuds, the storage and charging capsule comprising:
>
> [A] a base part;
>
> [B] an elongate intermediate part, the intermediate part having a longitudinal major axis; and
>
> [C] a cover part being retractable over the intermediate part,
>
> [D] wherein the intermediate part has a first end attached to the base part, a second end, and an earbud chamber formed between the first and second ends, the earbud chamber being adapted to receive the pair of wireless earbuds arranged one after another along the longitudinal major axis of the intermediate part, and
>
> [E] wherein the capsule further has a power source for charging the pair of wireless earbuds when placed in the earbud chamber in the intermediate part.

23. Based on publicly available information, Skullcandy's Accused Products meet all elements of at least claim 1 of the '645 Patent.

24. Regarding the preamble of claim 1, to the extent it is interpreted to be limiting, the Accused Products, including at least the Skullcandy Dime Evo True Wireless earbuds, literally satisfy this preamble, which recites "a storage and charging capsule for a pair of wireless earbuds."[1] On information and belief, and based on publicly available information, the Accused Products have a storage and charging case comprising the parts detailed below.[2]

---

[1] *See* https://www.skullcandy.com/collections/earbuds (last visited May 14, 2025).
[2] *See* https://support.skullcandy.com/hc/en-us/articles/24214312395159-Dime-Evo (last visited May 14, 2025)

4



25. Limitations A through C respectively require the storage and charging case to have [A] a base part; [B] an elongate intermediate part, the intermediate part having a longitudinal major axis; and [C] a cover part being retractable over the intermediate part. The Accused Products, including at least the Skullcandy Dime Evo True Wireless earbuds, include a base part, an elongate intermediate part having a longitudinal major axis, and a retractable cover part, as shown in the image below.[3]



26. Limitation [D] requires "wherein the intermediate part has a first end attached to the base part, a second end, and an earbud chamber formed between the first and second ends, the earbud chamber being adapted to receive the pair of wireless earbuds arranged one after another along the longitudinal major axis of the intermediate part." As demonstrated in the image below, the Accused Products, including at least the Skullcandy Dime Evo True Wireless earbuds, have a storage and charging case with an earbud chamber between a base part and second end that accepts the earbuds one after another along the longitudinal major axis.[4]

---

[3] *See* https://www.skullcandy.com/products/dime-evo (last visited May 14, 2025).
[4] *See* https://www.skullcandy.com/products/dime-evo (last visited May 14, 2025).



27. Limitation [E] requires "wherein the capsule further has a power source for charging the pair of wireless earbuds when placed in the earbud chamber in the intermediate part." The Accused Products, including at least the Skullcandy Dime Evo True Wireless earbuds, meet this limitation by including a rechargeable power source inside the storage and charging case. "[The] Dime Evo earbuds hold up to 8 hours of play on a single charge and the charging case holds an additional 28 hours of play time, for a total of 36 hours of listening time."[5]

28. Accordingly, Skullcandy has directly infringed and continues to directly infringe one or more claims of the '645 Patent, including at least representative claim 1, in violation of 35 U.S.C. §§ 271(a) by, without authority, making, using, offering for sale, and/or selling the infringing products, systems, methods, and/or computer programs within the United States and importing the infringing products, systems, methods, and/or computer programs into the United States.

---

[5] *See* https://support.skullcandy.com/hc/en-us/articles/24214312395159-Dime-Evo (last visited May 14, 2025).

29. Skullcandy's infringing activities have and continue to be without authority or license under the '645 Patent.

30. Earin AB has and continues to suffer damages as a direct and proximate result of Skullcandy's direct infringement of the '645 Patent.

31. Earin AB is entitled to recover: (i) damages adequate to compensate Earin AB for Skullcandy's direct infringement of the '645 Patent, which at a minimum, amounts to a reasonable royalty; (ii) attorney's fees; and (iii) costs.

## JURY DEMAND

32. Pursuant to Federal Rule of Civil Procedure 38(b), Earin AB demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Earin AB respectfully requests judgment against Skullcandy as follows:

A. that this Court adjudge that Skullcandy infringes the '645 Patent;

B. that this Court ascertain and award Earin AB damages under 35 U.S.C. § 284 sufficient to compensate for Skullcandy's infringement, including but not limited to infringement occurring before the filing of this lawsuit;

C. that this Court ascertain and award Earin AB any post-judgment ongoing royalties under 35 U.S.C. § 284 as may be appropriate;

D. that this Court award Earin AB any applicable prejudgment and post-judgment interest; and

E. that this Court award Earin AB such other relief at law or in equity as the Court deems just and proper.

## JURY DEMAND

33. Pursuant to Federal Rule of Civil Procedure 38(b), Earin AB demands a trial by jury of all issues so triable.

Dated: June 6, 2025

*Of Counsel:*

Cristofer I. Leffler
**FOLIO LAW GROUP PLLC**
1200 Westlake Ave. N., Suite 809
Seattle, WA 98109
Tel: (206) 880-1802
Email: cris.leffler@foliolaw.com

Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Earin AB*